## Newhouse v. Eiseman

*Joseph M. Zoffer,* for plaintiff.

*Robert S. Grigsby & Rabe F. Marsh, III,* for defendant.

SCULCO, J., October 7, 1974.—Plaintiff filed suit at the above number and term in June of 1973, alleging two counts of medical malpractice against defendant physician. The first count alleged defendant's misconduct occurred on or about June 11, 1969, when defendant performed his first operation on plaintiff and the second count alleged defendant's negligence occurring on or about September 10, 1971, when defendant undertook to perform another operation on plaintiff. Defendant, through counsel, entered an appearance and filed an answer to plaintiff's complaint and new matter alleging that the cause of action arising out of defendant's operation performed on June 11, 1969, was barred by the two-year statute of limitations for tort actions involving personal injuries. Plaintiff filed a reply to defendant's new matter denying the statute of limitations barred the first count of plaintiff's complaint which reply was promptly filed in the latter part of July, 1973. On August 1, 1973, the deposition of plaintiff was taken by defendant and filed of record on November 2, 1973. At the deposition of plaintiff, plaintiff's contention that he detrimentally relied upon defendant's assurances that his condition would improve, was fully explored by defense counsel.

The case came on for trial before a jury and his honor Judge L. Alexander Sculco on May 6, 1974, and after three days of trial upon motion of defendant, a mistrial was granted and a juror withdrawn with the court ruling that the matter would be placed upon the next available jury trial list for further determination.

On May 13, 1974, defendant filed his motion for

summary judgment or motion for judgment on the record raising once again the statute of limitations defense in connection with the 1969 operation performed by defendant.

On May 15, 1974, plaintiff filed preliminary objections in response to defendant's motion for summary judgment or for judgment on the record.

On July 8, 1974, the matter having come for argument before the court en banc, the preliminary objections were sustained and the motion for summary judgment dismissed, and that the case be set down for trial on the next civil court trial list.

On July 26, 1974, defendant filed a petition for severance of the issues under Pennsylvania Rule of Civil Procedure 213(b) for a separate trial of the statute of limitations issue.

On August 5, 1974, plaintiff filed preliminary objections to defendant's petition for severance of the issues filed and also a motion to impose sanction under Pa. R. C. P. 4019.

On September 30, 1974, this matter having again come for argument before the court en banc, the question before the court at this time is whether defendant's petition for severance of the issues filed for separate trial of the statute of limitations should be granted. The case is on the trial list for the week of November 11, 1974.

It is well established that a severance under Pa. R. C. P. 213(b) is discretionary with the court.

Counsel for defendant contends that the issue of the statute of limitations should be determined by a separate jury before the issues of negligence and damages submitted to a jury.

As a practical matter, all the information relating to plaintiff's first operation would, of necessity, have to be placed in front of the jury, since it would serve

as the only logical background for plaintiff's submitting to a second operation. And this history, plaintiff's complaints after defendant's performance of the first operation and his symptomatology, would have to be placed before the jury before it could intelligently make a proper determination of the liability issues in connection with this case. It would just be too confusing and too inaccurate for the jury to simply start off with a history of a bumped elbow in January of 1969 and then skip to the second operation performed by defendant on September 10, 1971, since plaintiff believed and contended as a matter of record that he was submitting to the second operation in order that some of the symptoms subsequent to the first operation would be cured. It would be impossible in this case to exclude all the testimony and evidence regarding the first operation, since it is a crucial and elucidating history which, of necessity, must be considered by the jury before it could make an intelligent and enlightened determination regarding the liability issues involved in this case, including but not limited to the issues of negligence and informed consent.

The defendant has shown no facts that would prejudice his case unless a severance is granted.

By a separate trial to determine the issue of the statute of limitations, either aggrieved party, after determination of the issue regardless of the outcome, will have the right and will appeal, thereby further delaying the trial.

It is the court's opinion that the matter be left to the discretion of the trial judge to first submit the issue of the statute of limitations to the jury and upon the determination of the issue, proceed with the trial on negligence and damages; or in the alternative, proceed with the trial and under proper instructions and special findings, submit all issues to the jury.

## ORDER OF COURT

And now, to wit, October 7, 1974, the petition for severance and separate trial on the issue of the statute of limitations is hereby denied and dismissed.

The motion of the defendant to impose sanctions under Pa. R. C. P. 4019 is hereby denied and dismissed.